DECISION AND JUDGMENT ENTRY
Defendant-appellant, Eugene Coley, appeals the June 6, 2002 judgment of the Lucas County Court of Common Pleas which, following a jury trial, sentenced appellant to two five-year prison terms for aggravated robbery, a 14-month term for carrying a concealed weapon, and a six-month prison term for theft under $500, to be served concurrently. Appellant was also sentenced to two mandatory three-year prison terms, to be served consecutively to each other and to the concurrent terms, for the firearm specifications. For the reasons set forth below, we affirm the decision of the trial court.
On January 29, 2002, appellant and his co-defendant, Dianne Russell, were indicted on two counts of aggravated robbery with gun specifications. Appellant was also indicted on one count of carrying a concealed weapon and drug possession. The charges stemmed from the January 21, 2002 robberies at two Rite Aid drug stores located in Toledo, Lucas County, Ohio.
On February 15, 2002, appellant and Russell were indicted on one count of robbery for the December 8, 2001 robbery of a Rite Aid drug store. Appellant entered not guilty pleas to all the counts.
The counts charged in the January 29 and February 15, 2002 indictments were consolidated for trial. Prior to trial, Russell entered into a plea agreement with the state. Pursuant to the agreement, Russell agreed to plead no contest to two counts of third-degree felony robbery in exchange for her testimony against appellant.
The jury trial commenced on May 6, 2002. Appellant did not testify but, during the state's case, he was asked to hold the weapon allegedly used during the robberies in the palm of his hand to demonstrate a witness's testimony. Appellant's objection to the request was overruled. Appellant stood and the prosecutor placed the gun in the palm of appellant's outstretched hand
Thereafter, appellant was found guilty of aggravated robbery, theft, and carrying a concealed weapon. This appeal followed.
Appellant raises the following assignment of error:
"The trial court erred to the prejudice of Mr. Coley where it directed him to hold a weapon during the trial as the danger of unfair prejudice substantially outweighed the probative value of the act, thus violating Mr. Coley's rights to due process and a fair trial in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
In his sole assignment of error, appellant contends that any probative value gained by the demonstration was outweighed by the danger of inflaming the passion of the jury and the risk of jury confusion and was violative of appellant's Fifth Amendment right against self-incrimination.
As to appellant's argument that the gun demonstration was violative of his Fifth Amendment privilege against self-incrimination, the United States Supreme Court has defined the privilege as "protect[ing] an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature * * *." Schmerber v. California (1966), 384 U.S. 757, 761. "`[I]n order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. Only then is a person compelled to be a "witness" against himself.'" Pennsylvania v. Muniz (1990), 496 U.S. 582,589, quoting Doe v. United States (1988), 487 U.S. 201, 210. In other words, "the privilege is a bar against compelling `communications' or `testimony,' but that compulsion which makes a suspect or accused the source of `real or physical evidence' does not violate it." Schmerber, 384 U.S. at 764.
In Ohio, the demonstration of physical attributes such as scars, fingerprints, tattoos, eyes and teeth have been held to be nontestimonial. See State v. Holbrook (1976), 1st Dist. No. C-75110 (facial marks); State v. Savage, 10th Dist. No. 02AP-202, 2002-Ohio-6837 (hands); State v. Ashford (Dec. 11, 1986), 8th Dist. No. 51366 (fingerprints). Likewise, courts have consistently held that ordering a defendant to don certain clothing items worn by the perpetrator during the commission of a crime is nontestimonial. See State v. Daly (Feb. 16, 1983), 9th Dist. No. 3380 (hat and wig); Bivens v. Indiana (Ind. 1982), 433 N.E.2d 387 (coat).
At the trial in the present case, just prior to the event in dispute, Rite Aid employee Janet Molik testified that the perpetrator had the gun laying flat in his hand and that it fit in the palm of his hand Molik testified that she believed that the perpetrator "cocked" the gun. Molik then identified appellant as the perpetrator.
At the conclusion of Molik's testimony, the state moved to have the court order appellant to hold the weapon in the palm of his hand as described by Molik. Defense counsel objected arguing that the display would unfairly prejudice appellant. Overruling the objection, the court concluded that the gun display was demonstrative in the same vein as placing an article of clothing on appellant. Appellant then held out his right hand, palm facing up, and the gun was placed in his outstretched hand
After careful review of the relevant portions of the record and the case law, we conclude that appellant's act of holding the gun in his outstretched palm was nontestimonial in nature. Appellant's act was a source of "real" or "physical" evidence in that it was a visual demonstration of prior testimony.
Appellant also contends that the gun demonstration had no relevance as to appellant's identity, and such act could lead the jury to interpret it as an admission by appellant. Evid.R. 403(A) provides: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
Upon careful review of the trial transcript, we find that the probative value of the gun demonstration, if any, was low. The state claims that the demonstration was offered for the identification of appellant and the weapon. However, the court fails to see how having appellant hold the weapon in his outstretched palm is any more conducive to identification then simply having appellant sit at the defense table. There was no evidence that appellant's palm was in some way distinctive or unusual. Moreover, though we concluded that the gun demonstration was nontestimonial that does not suggest that it was as innocuous as donning a clothing item or displaying a physical attribute. The gun demonstration is the type of act, which, in a close case, could inflame the jury and suggest a decision on an improper basis. However, this is not a close case. Four witnesses, including appellant's co-defendant, clearly identified appellant as the perpetrator of the crimes; appellant presented no defense witnesses. Thus, the gun demonstration, though improper, was harmless. Accordingly, appellant's assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Concur.
Knepper, J. Concurs and writes Judge separately.